# JOSEFA A. CASTRO

*v.*

# BEHN BROS., INC.

San Juan, Equity, No. 1006.

COMMUNITY PROPERTY.

Community Property—Venezuela.

    1. The law of Venezuela is similar to that of Porto Rico in regard to conjugal partnership for community property. The property of spouses is presumed to be held in partnership unless otherwise shown.

Community Property—Husband and Wife as Parties.

    2. The court should not adjudicate the rights of a husband in a case to which only the wife is a party.

Parties—Husband.

    3. Under the civil law the agent may proceed in his own name, but in a Federal court, if the principal is essential, he must be a technical party.

Husband Party—Imprisonment.

    4. The imprisonment of a husband does not excuse his not being made a party unless he is to be civiliter mortuus.

Imprisonment—Power of Attorney.

    5. In order to authorize the attorney to act in a suit the power of attorney must be broad enough to include such appearance.

Lex Rei Sitæ—Contract.

    6. If a contract is to be performed in another jurisdiction than where it was executed, the law of such other jurisdiction will apply as being the lex loci solutionis. A contract of deposit and payment in Porto Rico is governed by Porto Rican law.

Opinion filed May 31, 1918.

*Messrs. Sarmiento Rodriguez Serra & Puig* for plaintiff.

*Mr. O. B. Frazer* for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit was commenced in the insular court; and, the pleadings being reformed, the complaint was filed in the Federal March 4, and was afterwards answered. The motion is made to strike out certain parts of the answer, and also for hearing upon the defense of want of the husband as a party. The matter involved can best be treated under a few heads without taking up the points of the motion seriatim.

The undisputed facts are that on February 8, 1911, one Simon Bello, of Venezuela, at that time already married to Josefa A. Castro de Bello, opened a current account with Behn Brothers at San Juan, and the money was deposited and was afterwards by consent invested in different securities, whose return is now sought, together with an accounting.

1. There is no question that the law of Venezuela is similar to that of Porto Rico in regard to what is called conjugal partnership. The two Codes are as follows:

Porto Rico Civ. Code, § 1282: "In the absence of contracts relating to property, it shall be understood that the marriage has been contracted under the system of the conjugal partnership." Article 1466 of the Venezuelan Civil Code declares that, "between husband and wife, if there is no contract to the contrary, a conjugal partnership exists, the effect of which is to make common to both, one half to each, the earnings or income obtained during the marriage, as established in para-

graph 3d of this chapter." Furthermore, the Porto Rico Civil Code, § 1322, declares: "All property of the marriage shall be considered as partnership property until it is proved that it belongs exclusively to the husband or to the wife." The corresponding article of the Venezuela Civil Code, No. 1486, states that "it is presumed that all existing property belongs to the conjugal partnership until it is proved that it belongs to the private patrimony of either of the spouses." This principle obtains in almost all other civil-law countries, including Spain, Mexico, Argentina, Uruguay, and Chile. Manresa, 9 Comentarios, 620. In the case of any disability of the husband the wife administers the property under both the Porto Rico and the Venezuela Civil Codes. Civil Code of Porto Rico, § 159, provides that the husband is the administrator of the conjugal property except when stipulated otherwise. Section 1347 is as follows: "The administration of the property belonging to the marriage shall be transferred to the wife when her husband is incapacitated or absent."

The Venezuelan Civil Code provides as follows:

"Art. 1457. The conjugal partnership is governed, as to property, by the stipulations between the parties and by the provisions of law."

"Art. 1494. The courts may authorize the wife for those acts of administration which may be indispensable, when the husband cannot be found and when he has not provided for the administration in regard to those acts."

"Art. 1495. The wife upon whom the administration of the property is vested, shall have the same powers and liabilities belonging to the husband."

There is therefore no question as to the fact that the prop-

Castro v. Behn Bros.

erty of the spouses is presumed to be held in partnership unless otherwise shown, and that where a husband is unable to administer it the wife may do so.

2. The case, however, is not quite so simple. The law and the facts can be applied only in a case to which all parties in interest are parties to the record. Suppose that this property is the private property of the husband, belonging to him before marriage, and his wife seeks to claim it in a suit to which he is not a party. Upon the allegations of such a bill, is he to lose his property? It is not to be presumed that such is the case. Good faith is always presumed. But for the court to go ahead and decree the disposition of property to which another upon the face of the facts may have a claim would not be right. If the husband is made a party, and either answers admitting the facts or permits a judgment by default, or does the same as plaintiff in the bill, the defendant would be protected and there would be no hesitancy about the decree. It is a question not so much of fact as of pleading. There is no presumption against a party until he is made a party. Upon the face of the papers the husband may have an interest, and the defendant has the right to have that question adjudicated of record, and not turn over the property in this suit to the wife, and then possibly have a suit by the husband on attachment of property in Venezuela or elsewhere, to which the record in this suit could not be pleaded as res judicata.

3. This being so, Simon Bello is a necessary party. The question arises, however, Is he not already made a party?

The complaint speaks of "the plaintiffs, husband and wife, . . . citizens of Venezuela;" and the allegations all run

X. Porto Rico.—27.

Castro v. Behn Bros.

in the name of both plaintiffs until the prayer, which is of plaintiff Josefa alone, and she alone makes affidavit. Under the civil law the principles of agency are practically the same as under the common law, but the mode of expression is different. Under the common law the name of the principal is always used, that of the agent being given as the one by whom the principal acts, thus being incidental, although necessary. Under the civil law, on the other hand, in all proceedings the personality of the agent is prominent, and his name is used, with the incidental averment that he acts for a certain principal. In this way under the civil-law procedure it might be proper for his suit to be considered as that of the absent principal; in this instance the husband, as well as that of the wife. But this is not true according to the common-law practice, which governs the procedure of this court.

Lex fori, that is to say, whatever relates to the remedy, must be that of the place where the suit is brought. Matters of procedure must be uniform in the courts of the same country, and this goes even beyond the process and remedy. Whatever, from the nature of the case, cannot be referred to any other law must be determined by the tribunal having jurisdiction of the litigation according to the law of its own locality. Scudder v. Union Nat. Bank, 91 U. S. 406, 23 L. ed. 245; Pritchard v. Norton, 106 U. S. 124, 129, 27 L. ed. 104, 105, 1 Sup. Ct. Rep. 102. As the complaint now stands, therefore, the husband cannot be technically considered as a party. Whether this can be corrected by amendment need not now be considered.

4. The theory of the complaint seems to be that the imprisonment of the husband makes it impossible for him to sue.

Castro v. Behn Bros.

The nature of the imprisonment is described as being "for a political offense" in Venezuela, but the nature of the offense and the civil effects of such an imprisonment in Venezuela are not pointed out. The court is unable to determine whether he is civiliter mortuus or not. The facts show that he is in a foreign country, and the court would not feel justified in decreeing an American citizen or an American corporation to pay over property, especially a large amount, without a fuller showing on this point, even if other questions were out of the way. The Civil Code of Venezuela declares in article 25 that "personality and civil capacity are extinguished by death. Minority, prodigality, deaf-mutes, habitual drunkenness, and the loss of civil rights, are only restrictions upon the civil capacity." So under article 1229 it is declared that persons who cannot give consent to contracts are: "1. Minors who are not emancipated. 2. Lunatics or the insane, and the deaf and dumb who do not know how to write. 3. Married women, in the cases specified by law."

It is quite likely that there would be difficulty in Venezuela in securing authority under article 1494 of the Venezuelan Civil Code. That article declares: "The courts may authorize the wife for those acts of administration which may be indispensable, when the husband cannot be found, and when he has not provided for the administration in regard to those acts."

Article 1347 also declares that "the administration of the property belonging to the marriage shall be transferred to the wife when her husband is incapacitated or absent."

In this case the wife has not been so capacitated by a Venezuelan court, and she has not been so declared by a Porto

Castro v. Behn Bros.

Rican court. The suit does not rest upon any such authority, and so the point need not be further considered.

5. Whether the power of attorney covers the case cannot be determined until it is produced. As the matter stands at present it would seem that the Venezuelan law does not prevent a man in prison from giving a power of attorney for civil affairs. However, the civil affair now before the court is a suit, and the power of attorney must be broad enough to cover suits. As it is not exhibited, this cannot yet be determined. Moreover, as above noticed, even if it did so the complaint is not so framed as to make him technically a plaintiff.

6. The case brings up the question of what law controls,— that of Porto Rico or that of Venezuela. The Bellos, husband and wife, are both citizens of Venezuela; the defendant Behn Brothers is an American corporation. The property now claimed was acquired in Porto Rico. The plaintiff or plaintiffs cannot bring any rights of property with them to Porto Rico except the right which is recognized by American law for citizens of a friendly foreign nation to acquire American property.

The interest of the husband, and whether he has any interest, is so bound up in the subject-matter of the litigation and the reliefs sought that the court cannot proceed without him, or proceed to a final decree without affecting his interest. His right must be unavoidably passed upon in reaching a final decree. Such a person is an indispensable party. Simkins, Fed. Eq. Suit, 2301.

The question of the rights of a citizen of a friendly nation is often difficult. As to land he must in all respects conform to the lex rei sitæ. As to personal property the rule is not quite

Castro v. Behn Bros.

so clear, but must be the same where this property has a definite situs, and, like corporation stock, is governed itself by local law. When it comes to contracts, a good deal depends upon the intention of the parties. The forms connected with the execution of the contract will be those of the place of execution, and unless otherwise agreed it will be presumed that the same applies to the performance of the contract itself. If agreed, however, that it shall be performed in another jurisdiction, the law of that other jurisdiction will apply. In either case the applicable law is read into and becomes a part of the contract. This is called the lex loci solutionis. As expressed by Chief Justice Marshall it is a principle of universal law that in every forum a contract is governed by the law with a view to which it was made. Wayman v. Southard, 10 Wheat. 1, 48; 6 L. ed. 253, 264. It is so held also by Lord Mansfield in Robinson v. Bland, 2 Burr. 1077, 1078, 97 Eng. Reprint, 717. In the case at bar the contract was for the deposit of money and afterwards of American securities in an American bank in Porto Rico. There was nothing in the transaction which could call for the application of foreign law. If there was a conflict of laws, that of Porto Rico must apply.

Some of the points raised as to the allegations of the answer may be well taken, but it would not seem important to pass upon them until all parties in interest are properly before the court. Those, however, connected with the statement that the defendant has no knowledge would not be well taken under equity rule 30.

The motion, therefore, may for the present be considered as overruled, and thirty days allowed to bring in the husband.

It is so ordered.